**Federal Defenders**
OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 10463
Tel: (718) 330-1200  Fax: (718) 855-0760

*David E. Patton*
Executive Director and
Attorney-in-Chief

Eastern District
Peter Kirchheimer
Attorney-in-Charge

**By Hand and ECF**

The Honorable Frederic Block                                September 28, 2012
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

**United States v. Wendell Jenkins, 11 CR 186 (FB)**

Your Honor:

      I represent Wendell Jenkins, who pled guilty before Magistrate Judge Lois Bloom in this matter to a Hobbs Act robbery conspiracy and violating 18 U.S.C. § 924(c).  The defense submits this letter as a supplement to its earlier sentencing memorandum.

      **1. The Guidelines Contained in the Amended PSR are Correct**.

      The defense writes to reiterate that the Guidelines calculations contained in the addendum to the PSR are correct, and do not represent some unwarranted "windfall" for Mr. Jenkins.  First, the Probation Department appropriately did not include any robberies that did not occur on February 8, 2011, as there would be no basis to do so. U.S.S.G. 1B1.2(d) provides that "a conviction *on a count charging a conspiracy to commit more than one offense* shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit."  Id. (emphasis added).  The indictment in this case contains no date range but specifies a conspiracy to commit Hobbs Act robberies on or about February 8, 2011.  The indictment thus does not charge a conspiracy to commit other robberies on other dates and such never-charged crimes are not subject to grouping as though they were separate counts of conviction.  The Court appropriately decided to proceed based on the two robberies as to which the defendant admitted guilt alleged in the indictment.

      It bears noting that if the Court were to find the indictment alleged other robberies, the government would have to prove the other robberies not by the preponderance of the evidence standard that typically applies at Fatico hearings but beyond a reasonable doubt.  See U.S.S.G.

1B1.2(d) Application Note 4 ("Particular care must be taken in applying subsection (d) because there are cases in which the verdict or plea does not establish which offense was the object of the conspiracy.  In such cases subsection (d) should only be applied respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit the object offense.")

Mr. Jenkins has been indicted in state court for one of the robberies mentioned in the government's sentencing letter.  If he is convicted, the government can provide minutes of this sentencing to the state court judge to show that the offense was not considered at sentencing here.

Finally, the defense agrees with the PSR that the enhancement for carjacking under 2B3.1(5) does not apply given that the object of the offense was not the taking of a car.

## 2. The Court Should Depart Horizontally Pursuant to U.S.S.G. 4A1.3

The PSR places Mr. Jenkins in Criminal History Category V even though he spent less than a year of actual time in jail for all his prior cases.[1]  More than half of his criminal history points – six of 11 – arise from one sixty-day concurrent term he received to cover three separate non-violent misdemeanors.

Recognizing that strict application of the criminal history provisions of the Sentencing Guidelines may in certain cases treat a defendant's criminal history too harshly or too leniently, the Sentencing Commission enacted §4A1.3 as a policy statement.  This section specifically provides district courts with flexibility to grant a downward departure from the otherwise applicable guideline range when "a defendant's criminal history category significantly over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  U.S.S.G. § 4A1.3(b).

One consideration that should guide the court in this area is the amount of time previously served by a defendant.  The Second Circuit held in United States v. Mishoe, 241 F.3d 214 (2d. Cir. 2001), that a Court may downwardly depart when there exists a disparity between the punishment prescribed by a criminal history category and the degree of punishment a defendant received for prior convictions.  "A major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve." Id.  While Mishoe concerned a career offender, the logic applies here as well and the Court should depart two levels horizontally and treat Mr. Jenkins as if he is in  Criminal History Category III.

---

[1] The defendant served eight months on his previously longest sentence of one year, and has also received a 60 day sentence, for which he served 40 days, and a 7 day sentence.

**Request for a 10-year Sentence**

      Based on the Guidelines and all the factors in 18 U.S.C. § 3553, the defense requests a sentence of 10 years in this case, meaning seven years for the 924(c) count and a three-year consecutive sentence for the robbery charge.  Losing a decade of one's life is a serious punishment, particularly in a case where no one was physically injured.  A sentence of 10 years for someone who has never served significant time in jail will have a significant deterrent effect, and protect the public by keeping Mr. Jenkins off the street for the remainder of his twenties and into his early thirties.  A sentence of 10 years will still leave him a chance to piece together a normal life, something he is determined to do.

                                                                                         Sincerely,

                                                                                         /s/
                                               Michael D. Weil
                                               Staff Attorney
                                               (718) 407-7413

cc: AUSA Matthew Amatruda
    Wendell Jenkins
     Probation Officer Cheryl Fiorillo